NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000116
24-MAY-2017
08:13 AM**

NO. CAAP-16-0000116

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JESUS SALAS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0447)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Plaintiff-Appellee State of Hawaiʻi (State) charged Defendant-Appellant Jesus Salas (Salas) with one count of first-degree sexual assault and six counts of third-degree sexual assault against three minor complainants, ES, FS, and DS, who were all under the age of fourteen at the time of the alleged offenses. After a jury-waived bench trial, the Circuit Court of the First Circuit (Circuit Court)[1] found Salas guilty of four counts of third-degree sexual assault. The Circuit Court sentenced Salas to concurrent terms of five years of imprisonment.

Salas appeals from the Judgment filed on February 16, 2016. On appeal, Salas contends that: (1) his reindictment in the present case was barred because the dismissal of a prior

_____

[1] The Honorable Shirley M. Kawamura presided.

indictment should have been with prejudice rather than without prejudice; (2) because the Circuit Court's grant of the State's oral motion for nolle prosequi of the prior case should have been with prejudice, the Circuit Court lacked jurisdiction to subsequently enter an order granting the State's written motion for nolle prosequi of the prior case without prejudice; (3) his waiver of his right to a jury trial was invalid due to the ineffective assistance of his counsel; and (4) the Circuit Court abused its discretion in sentencing him to imprisonment based on his failure to admit guilt to the charges.

As explained below, we conclude that Salas' challenges to his convictions are without merit, and we affirm his convictions. However, based on State v. Kamana'o, 103 Hawai'i 315, 82 P.3d 401 (2003), and State v. Barrios, 139 Hawai'i 321, 389 P.3d 916 (2016), we conclude that the Circuit Court improperly relied upon Salas' refusal to admit his guilt in imposing its sentence. We therefore vacate Salas' sentence and remand for resentencing before a different judge.

BACKGROUND

I.

Salas was the father-in-law of the aunt of the three minor complainants. At the time of the alleged offenses, ES was eight years old, FS was ten years old, and DS was twelve years old.

At trial, DS testified that when she saw Salas at her aunt's house, she hugged him and kissed him on the cheek "as an uncle" and out of respect. Salas told her, "No, give me a good kiss[,]" and he "Frenched kissed [her] with his tongue" in her mouth. Salas told DS that he had to check her for cancer. He then placed his hands under her shirt and bra, and then he squeezed and rubbed her breasts.

FS testified that Salas was sitting on a cooler drinking beer and told FS to "drink some." Salas told FS to sit on his lap, and when she sat on his leg, he "touched [her] behind" over her shorts. Salas asked FS if she had any warts,

2

grabbed her arm, pulled her closer to him, then placed his hands under her shirt and felt her breast.

ES testified that she saw a person she referred to as "papa" at her aunt's house.[2] "Papa" noticed a wart on ES's hand and asked if she had "anymore[.]" When ES said no, "papa" said he was going to check. "Papa" put his hand in ES's shirt, and then put his hand under ES's tights and panty and touched her "private" and "butt" with his hands. When "papa" touched ES's "private," which she identified as her vagina, she felt something in her "private."

## II.

On March 28, 2013, Salas was charged by grand jury indictment in Cr. No. 13-1-0447 (Prior Case) with seven counts of sexual assault against ES, FS, and DS, while each was less than fourteen years old: Count 1 -- first-degree sexual assault of ES by inserting his finger in her genital opening; Count 2 -- third-degree sexual assault of ES by placing his hand on her breast; Count 3 -- third-degree sexual assault of ES by placing his hand on her buttock; Count 4 -- third-degree sexual assault of FS by placing his hand on her breast; Count 5 -- third-degree sexual assault of FS by placing his hand on her buttock; Count 6 -- third-degree sexual assault of DS by placing his hand on her breast; and Count 7 -- third-degree sexual assault of DS by inserting his tongue into her mouth. The third-degree sexual assaults alleged in Counts 2 through 7 were charged under Hawaii Revised Statutes (HRS) § 707-732(1)(b) (Supp. 2012).[3]

---

[2] ES was initially asked if she knew someone named Jesus Salas. ES responded that "[h]e's familiar" but was unable to identify Salas in court. ES described the actions of a person she called "papa," whom she identified as the father of her aunt's husband or boyfriend. ES did not really know "papa" prior to seeing him at her aunt's house. ES identified a truck that "papa" drove, which was the same truck that DS identified as Salas' truck.

[3] At the time relevant to this case, HRS § 707-732(1)(b) and the statutory definition of "sexual contact" in HRS § 707-700 (Supp. 2012) provided as follows:

(1) A person commits the offense of sexual assault in the third degree if:

(continued...)

On May 6, 2013, Salas moved to dismiss Counts 2 through 7 of the indictment in the Prior Case for failure to allege an essential element of the third-degree sexual assault offense, namely, that the alleged victim was not married to Salas. On June 28, 2013, the Circuit Court entered its written order denying Salas' motion. On January 31, 2014, this court issued a summary disposition order in State v. Muller, CAAP-10-0000225, 2014 WL 444230 (Hawai'i App. Jan. 31, 2014). In Muller, this court held that the defendant's status of not being married to the complainant was an essential element of third-degree sexual assault under HRS § 707-732(1)(b), and that the failure to allege this element in the indictment rendered the charge deficient, requiring that the charge be dismissed without prejudice. Id., 2014 WL 444230, at *1-2.

On February 18, 2014, Salas filed a motion for reconsideration of the Circuit Court's order denying his motion to dismiss, asserting that the Circuit Court should reconsider its order in light of Muller. A hearing on Salas' motion for reconsideration was scheduled for April 8, 2014.

On March 18, 2014, a grand jury returned a second indictment against Salas in Cr. No. 14-1-0447 (Present Case), the case underlying this appeal. The indictment in the Present Case was the same as the indictment in the Prior Case, except that

---

3/ (...continued)

. . .

(b)     The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

HRS § 707-732(1)(b).

"Sexual contact" means any touching, other than acts of "sexual penetration", of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

HRS § 707-700 (emphasis added).

4

consistent with Muller, Counts 2 through 7 charging Salas with third-degree sexual assault were amended to allege that Salas was not married to the minor complainants.

In the morning on March 27, 2014, Salas was arraigned on the indictment in the Present Case. During the arraignment, Salas made an oral motion to dismiss the indictment in the Present Case on the ground that there was a pending indictment in the Prior Case that was based on the "identical set of facts[.]" In response, the State, after informing the Circuit Court that the State "will follow up with . . . a written motion to nolle prosequi the [Prior Case]," orally moved to nolle prosequi the Prior Case because Salas had been re-indicted in the Present Case. The Circuit Court, Judge Richard K. Perkins presiding, denied Salas' motion to dismiss the indictment in the Present Case and granted the State's motion to nolle prosequi the Prior Case. Salas waived reading of the indictment in the Present Case and asked that the Present Case be set for trial. Judge Perkins informed Salas that the Present Case was assigned to Judge Randal K.O. Lee, the same judge handling the Prior Case, and set the Present Case for trial.

In the afternoon on March 27, 2014, the State's written motion for nolle prosequi without prejudice of the Prior Case, made on the ground that Salas had been reindicted in the Present Case, was filed as "approved and so ordered" by Judge Lee.[4]

On April 29, 2014, Salas filed a motion to dismiss the indictment in the Present Case on the ground that the State's oral and written motions to nolle prosequi the indictment in the Prior Case were ineffective to dismiss the Prior Case, and therefore, the Prior Case, which stated the same charges as the Present Case, remained pending. The Circuit Court held a hearing on Salas' motion on July 8, 2014, orally denied the motion at a

---

[4] The State's written motion for nolle prosequi in the Prior Case was dated March 18, 2014, the same date the indictment in the Present Case was filed. The motion, signed as approved and so ordered by Judge Lee, was filed on March 27, 2014, in the Prior Case.

hearing held on July 15, 2014, and filed its "Findings of Fact, Conclusions of Law, and Order Denying Defendant's [April 29, 2014,] Motion to Dismiss" on July 25, 2014.

On August 19, 2014, Salas filed a motion to dismiss the indictment in the Present Case with prejudice on double jeopardy and due process grounds. On October 7, 2014, the Circuit Court held a hearing on Salas' motion. The Circuit Court denied Salas' motion, and on October 10, 2014, it filed its "Findings of Fact, Conclusions of Law, and Order Denying Defendant's [August 19, 2014,] Motion to Dismiss With Prejudice."[5]

III.

On September 21, 2015, following a colloquy with Salas, the Circuit Court found that Salas knowingly, voluntarily, and intelligently waived his right to a jury trial.[6] Salas also signed a written waiver of his right to a jury trial, which was filed on that same day.

After a bench trial, the Circuit Court found Salas guilty of Counts 4 through 7 and not guilty of Counts 1 through 3. The Circuit Court sentenced Salas to concurrent terms of five years of imprisonment on Counts 4 through 7. This appeal followed.

DISCUSSION

I.

Salas argues that his reindictment in the Present Case was barred because the dismissal of the indictment in the Prior Case should have been with prejudice rather than without prejudice. We disagree.

Salas' argument is based on two false premises: (1) that the Circuit Court's dismissal of the indictment in the Prior Case was or should be viewed as a dismissal with prejudice; and

---

[5] The Honorable Randal K.O. Lee presided over Salas' April 29, 2014, and August 19, 2014, motions to dismiss.

[6] The Honorable Shirley M. Kawamura presided over the hearing on Salas' waiver of his right to a jury trial and over Salas' trial and sentencing.

(2) the indictment in the Prior Case was dismissed after jeopardy had attached. Because neither of these premises is true, Salas' argument is without merit.

A.

Salas argues that because the State's oral motion to nolle prosequi the Prior Case, made during Salas' arraignment on the indictment in the Present Case, did not specify that the State was seeking a nolle prosequi without prejudice, it must be presumed that Judge Perkins' granting of the State's nolle prosequi motion was a dismissal with prejudice. However, contrary to Salas' argument, the general presumption is that when an indictment is dismissed upon the government's motion before trial, "the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." United States v. Ortega-Alvarez, 506 F.2d 455, 458 (2d Cir. 1974) (construing Federal Rules of Criminal Procedure (FRCP) Rule 48(a), which contains language very similar to Hawai'i Rules of Penal Procedure (HRPP) Rule 48(a)[2/]); see United States v. Matta, 937 F.2d 567, 568 (11th Cir. 1991) ("Generally, unless a contrary intent is clearly expressed, [FRCP] Rule 48(a) dismissals are without prejudice."); United States v. Brown, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissals by the government are generally presumed to be without prejudice 'unless a contrary intent is clearly expressed.'" (citations omitted)).

In addition, the context of Judge Perkins' ruling makes clear that his grant of the oral motion for nolle prosequi of the Prior Case was a dismissal without prejudice. The State's oral motion was made at the arraignment on Salas' reindictment in the Present Case. The State reindicted Salas because under this court's decision in Muller, Counts 2 through 7 of the original

---

[2/] HRPP Rule 48(a) (2000) provides: The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

7

indictment in the Prior Case were defective for failing to allege the essential element that Salas was not married to the complainants. The remedy established in Muller for this defect, and the remedy established by the Hawai'i Supreme Court for similar defects in a charge, is the dismissal of the charge without prejudice. See Muller, 2014 WL 444230, at *2 (remanding case with instructions to dismiss the case without prejudice); State v. Wheeler, 121 Hawai'i 383, 386, 219 P.3d 1170, 1173 (2009) (upholding remedy of dismissal without prejudice of a charge that was deficient for failing to allege an essential element of the charged offense); State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012) (holding that because the charge was deficient for failing to allege the requisite mens rea, dismissal of the charge without prejudice was mandated). Given the reason for the State reindicting Salas, and the established remedy for the defect in the charges that prompted the reindictment, it is clear that the State sought to dismiss the original indictment without prejudice.

Moreover, it would be pointless for the State to reindict Salas if it intended to preclude prosecution by moving to dismiss the original indictment in the Prior Case with prejudice. It also would make no sense for Judge Perkins to set the indictment in the Present Case for trial if he had precluded prosecution on that indictment by dismissing the charges in the Prior Case with prejudice. Finally, the intent of the State's oral motion and the effect of the Circuit Court's ruling was made unmistakably clear by the State's written motion to nolle prosequi the Prior Case without prejudice and the Circuit Court's grant of the written motion.

B.

In support of his argument that his reindictment in the Present Case was barred, Salas cites case authority that a nolle prosequi order entered over a defendant's objection after jeopardy has attached bars a subsequent trial for the same offense. See State v. Murray, 69 Haw. 618, 619, 753 P.2d 806,

8

807 (1988). This authority, which applies after jeopardy has attached, is inapposite. Here, the Circuit Court granted the State's nolle prosequi motion on the Prior Case before jeopardy attached. Because jeopardy had not attached, the Circuit Court's grant of the State's nolle prosequi motion did not bar Salas' prosecution in the Present Case or implicate Salas' protection against double jeopardy. See United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977) ("The protections afforded by the [Double Jeopardy] Clause are implicated only when the accused has actually been placed in jeopardy. This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." (citations omitted)).

### C.

We conclude that the Circuit Court granted the State's oral and written nolle prosequi motions and dismissed the original indictment in the Prior Case without prejudice and before jeopardy had attached. Accordingly, Salas' prosecution on the indictment in the Present Case was not barred.

### II.

Salas argues that because Judge Perkins' grant of the State's oral motion for nolle prosequi of the indictment in the Prior Case was or should have been with prejudice, Judge Lee lacked jurisdiction to subsequently enter an order granting the State's written motion for nolle prosequi of the Prior Case without prejudice. Like Salas' first argument, this argument is based on the same erroneous claim that Judge Perkins' grant of the State's oral motion for nolle prosequi was or should have been with prejudice. We therefore reject this argument.

### III.

We reject Salas' claim that his waiver of his right to a jury trial was invalid due to the ineffective assistance of his counsel. The only support Salas provides for this claim is his assertion that he had requested a jury trial in the Prior Case. Salas apparently contends that his request for a jury trial in

9

the Prior Case must mean that his waiver of his right to a jury trial in the Present Case could only be attributable to the ineffective assistance of his counsel. We are not persuaded by Salas' reasoning. More importantly, the record refutes Salas' claim that he did not validly waive his jury trial right.

On the morning scheduled for jury selection, Salas informed the Circuit Court that he wanted to waive his right to a jury trial and proceed with a bench trial. Salas' counsel informed the Circuit Court:

> Over the weekend, I met with Mr. Salas. And on Saturday afternoon he informed me that -- he informed me that he wanted to just have a trial before Your Honor. I gave him an opportunity to think about it over the weekend on Sunday, and he reaffirmed that, and he has signed a waiver of jury trial this morning.

The Circuit Court engaged in a colloquy with Salas that included questioning him about his level of education, whether he was thinking clearly, his understanding of a jury trial, his understanding of the rights he would be giving up by waiving the right to a jury trial, whether he discussed the waiver with his counsel, whether he had questions about his right to a jury trial, and whether was waiving his right voluntarily. At the end of this colloquy, the Circuit Court found that Salas had knowingly, voluntarily, and intelligently waived his right to a jury trial. The record also contains a written waiver of the right to jury trial signed by Salas. We conclude that Salas has failed to meet his burden of showing that his jury trial waiver was invalid due to the ineffective assistance of his counsel.

IV.

At sentencing, the Circuit Court stated its reasons for imposing its sentence on Salas as follows:

> With respect to sentencing, the court will take judicial notice of the records and files, including the report from Adult Client Services which will be filed under seal and made a part of the record.
>
> With respect to the sentencing factors in this case, the court will note the defendant's age. He is 77 years of age, in deteriorating health, and will note that the court has considered his 28 years -- his commendable career in the

10

> military for 28 years. However, the court also notes that the defendant in this case, from day one, has completely denied the allegations. In fact, in the presentence investigation report, he mentions that the oldest child in this case -- although he was found not guilty of that offense,[8] he notes that the oldest child initiated the kissing in the truck and the inappropriate touching, that the oldest child initiated that.
>
> The court is concerned that if defendant is in the community, even while being supervised, he would be ordered to undergo sex offender treatment, and the court is concerned that he would not benefit from such treatment and such rehabilitation as he denies any wrongdoing in this case. And without treatment, the court will note that there is a danger of recidivism as he does have access to children.
>
> Therefore, it is the judgment and sentence of this court that the defendant be committed to the custody of Director of Department of Public Safety for an indeterminate term in Counts 4, 5, 6, and 7, five years imprisonment, all to run concurrent.

Salas contends that the Circuit Court abused its discretion in sentencing him to imprisonment based on his failure to admit guilt to the charges. We conclude that the Circuit Court improperly relied upon Salas' refusal to admit his guilt in imposing its sentence.

In Kamana'o, the supreme court stated that "it is well settled that a sentencing court may consider a defendant's lack of remorse in assessing the likelihood of successful rehabilitation." Kamana'o, 103 Hawai'i at 321, 82 P.3d at 407. It further stated, however, that "[a] sentencing court . . . may not infer a lack of remorse from a criminal defendant's refusal to admit guilt." Id. After stating these two principles, the supreme court observed:

> Consistent with the foregoing, a significant number of jurisdictions has recognized the subtle, yet meaningful, distinction between imposing a harsher sentence upon a defendant based on his or her lack of remorse, on the one hand, and punishing a defendant for his or her refusal to admit guilt, on the other, the latter being a violation, inter alia, of a criminal defendant's rights to due process, to remain silent, and to appeal.

Id.

---

[8] The Circuit Court apparently misspoke as Salas was found guilty of Count 7 for inserting his tongue in DS's mouth.

In order to determine "whether a sentencing court had erroneously relied on a defendant's refusal to admit guilt in imposing a sentence[,]" the supreme court applied the following three-factor analysis:

> (1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that, had the defendant affirmatively admitted guilt, his sentence would not have been so severe.

Id. at 323, 82 P.3d at 409 (format altered; brackets omitted) (quoting People v. Wesley, 411 N.W.2d 159, 162 (Mich. 1987).

Under circumstances similar to Salas' case, the supreme court in Kamana'o, id. at 323-24, 82 P.3d at 409-10, and in Barrios, 139 Hawai'i at 338-39, 389 P.3d at 933-34, applied this three-factor analysis and concluded that the sentencing court had improperly relied on the defendant's refusal to admit guilt. Based on Kamana'o and Barrios, we conclude that the Circuit Court improperly relied upon Salas' refusal to admit guilt in imposing its sentence. We therefore vacate Salas' sentence and remand the case for resentencing before a different judge. See Barrios, 139 Hawai'i at 339, 389 P.3d at 934.

CONCLUSION

Based on the foregoing, we affirm the Circuit Court's Judgment to the extent that it entered judgment of conviction against Salas on Counts 4 through 7. We vacate the Judgment with respect to the sentence it imposed on Salas, and we remand the case for resentencing before a different judge, consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, May 24, 2017.

On the briefs:

Maria Corazon Avinante
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

12